HALL, Judge.
Plaintiff sued William A. Ryan (hereinafter referred to as “defendant”) and the latter's public liability insurer for personal injury and property damage resulting from an automobile collision. Judgment on the merits was rendered in favor of the defendants dismissing plaintiff’s suit and plaintiff appealed.
The issues are purely factual.
The record reveals that the collision occurred on the Airline Highway in the vicinity of Zorthian’s Super Market in the City of Kenner on September 28, 1962 at about 9:45 P.M.
The highway at this point consists of two lanes for traffic proceeding toward Baton Rouge and two lanes for traffic traveling inbound toward New Orleans. There is no neutral ground or median strip dividing the two roadways. Zorthian’s Super Market fronts on the inbound or river side of the highway at a point somewhere between the traffic light at Moisant Airport and Williams Boulevard.
Plaintiff contends that on the night in question he was driving his 1952 Buick Roadmaster automobile toward New Orleans at about 10 miles per hour when he was run into from the rear by a 1949 Pontiac Sedan owned and driven by defendant and that as a result thereof he sustained physical injuries and damage to his car.
Defendant contends that he was proceeding on the highway toward New Orleans in the outside or slow lane at about 30 miles per hour when plaintiff suddenly backed his car onto the highway from a parked position in front of the super market ; that he applied his brakes and swerved to the left but was unable to avoid hitting plaintiff.
*632 The record reveals that the right front fender and grille of defendant’s automobile struck the left rear and fender of plaintiffs car and that the impact of the collision took place in the outside or slow traffic lane near the division line between the two inbound lanes of the highway.
The only witnesses who testified relative to the accident were the plaintiff and defendant and the defendant’s brother who was a passenger in defendant’s automobile. In addition to their testimony we have a copy of the police report which was introduced in evidence by stipulation in lieu of the officers’ testimony.
Plaintiff testified that he had gone to Zorthian’s Super Market to buy groceries. It is unclear whether he first parked his car in front of the super market or in front of the John Deere Equipment Company which is located about fifty or sixty feet toward Baton Rouge from the super market door. He first testified that after he got his groceries he backed out from in front of the super market where he had parked and instead of backing onto the high--, way where traffic was heavy he backed on the gravel shoulder of the road to the John Deere Equipment Company where he had more room to maneuver. He later testified that he had attempted to park in front of the super market but he found no room there so he parked in front of the John Deere Equipment Company. At any rate his testimony is that after he got his groceries he maneuvered his car into a position in front of the John Deere Equipment Company with its front headed in the direction of New Orleans at a forty-five degree angle to the highway. He further testified that he waited there in his car observing traffic approaching on the highway with the intention of pulling out when traffic was halted at the airport light; that when the traffic stopped at the light and the highway cleared he observed defendant’s automobile cross over from the Spur gasoline station on the opposite side of the highway and make a U-turn toward New Orleans. He testified that just as defendant crossed over the center line of the highway to make his U-turn he drove onto the highway and proceeded toward New Orleans thinking that defendant “had the fast lane to drive in and I didn’t think he would be the one to run into me.” Plaintiff went on to testify that he had gone a distance of fifty feet, driving at about 10 miles per hour, when defendant’s car hit him from the rear knocking his car about one car length. He was sure he had gone no further than fifty feet when he was hit because he had stepped off the distance after the accident. Plaintiff further testified that the point where defendant made his U-turn was over two standard three hundred foot city blocks from where he, plaintiff, entered the highway.
Defendant testified that on the night of the accident he had made a U-turn across the highway in front of the Spur gasoline station and was proceeding toward New Orleans in the outside or slow traffic lane at about thirty miles per hour; that as he approached Zorthian’s Super Market plaintiff suddenly backed out onto the highway and into his path from behind a truck which was parked in front of Zorthian’s at a forty-five degree angle to the highway; that he was only about twenty feet away when he first saw plaintiff backing at an angle toward him and that he put on his brakes and cut to the left but could not avoid the accident; that his car came to rest within a car’s length with its left front fender just over the line between the slow and fast traffic lanes; that he could not have pulled further into the fast lane on account of traffic approaching from the rear in that lane; that after the impact his car traveled less than a car length.
Defendant’s brother, Walter Ryan, who was a passenger in defendant’s car, corroborated defendant’s version of the accident in its essential details.
*633 Defendant and his brother both freely-admitted that they each had had three beers at bars since about 6:30 that evening, the third beer having been consumed about twenty-five minutes before the accident. They also admitted that there were three empty beer cans in the car but deny having drunk therefrom. Defendant admitted, but his brother denied, that there was a half empty pint bottle of whiskey in. the car. Defendant however denied that he had consumed any of the whiskey. The police report indicates that defendant was charged with "D.W.I. & R.O.M.V.” but the record is bare of any proof whatever that defendant’s actions, speech, appearance or demeaner gave any indication of intoxication or that he was under the influence of liquor in. any degree.
Plaintiff makes much of defendant’s drinking and the fact that whereas defendant testified plaintiff backed onto the highway from behind a white panel truck, his brother, Walter, testified the color of the truck was black.
As a matter of fact plaintiff’s testimony is itself not free of discrepancies. We have seen that he first testified he parked in front of Zorthian’s and after getting his groceries backed to the premises of the John Deere Equipment Company and then later testified he had parked in front of the equipment company because there was no room to park in front of Zorthian’s. In addition the police report indicates that plaintiff told the investigating officers, (entirely contrary to plaintiff’s testimony at the trial) that he was driving along the highway and was struck as he slowed down to pull into the parking area in front of Zorthian’s Super Market.
After carefully reviewing the record we find defendant’s version of the accident more credible than plaintiff’s version. Plaintiff would have us believe that while he traveled only fifty feet at the rate of 10 miles per hour plaintiff at the same time covered a distance in excess of six hundred feet and struck him from the rear. For this to have happened plaintiff’s speed would have to have been in excess of one hundred miles per hour which is highly improbable in the first place and which is moreover inconsistent with the amount of damage done and the places where the cars came to rest.
We are of the opinion that the sole proximate cause of the accident was negligence on the part of plaintiff in backing onto the highway directly in the path of defendant’s car at a time when defendant was too close upon him to avoid the collision. We find no proof of negligence on the part of defendant.
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by plaintiff-appellant.
Affirmed.